IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| AUTUMN RANDOLPH, *individually and on behalf of those similarly situated*; | ) ) ) ) |
| Plaintiff, | ) Case No. _____ ) |
| v. | ) **COMPLAINT - CLASS ACTION** ) |
| UNIVERSAL SCREEN ARTS, INC.; UNIVERSAL SCREEN ARTS HOLDINGS, INC., | ) ) ) **JURY TRIAL DEMANDED** ) |
| Defendants. | ) ) |

## CLASS ACTION COMPLAINT

Autumn Randolph ("Plaintiff"), individually and on behalf of a putative class of similarly situated former employees as defined herein, brings this suit against Universal Screen Arts, Inc. and Universal Screen Arts Holding, Co., (collectively, "Defendants" or "Universal Screen Arts"), by way of this Class Action Complaint, alleging as follows:

## NATURE OF THE ACTION

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), by the Plaintiff on her own behalf and on behalf of the other similarly situated persons against Defendants, her employers for WARN Act purposes.

2. Defendants operate offices located at 5581 Hudson Industrial Parkway and 6279 Hudson Crossing parkway, Suite 100, both in Hudson, Ohio 44236. Both offices constitute a single site of employment. ("Universal Screen Arts Facility"), where Plaintiff and those she seeks to represent worked.

1

3. Over the last 90 days, upon information and belief, Defendants abruptly terminated or is terminating several groups of employees, unilaterally and without proper notice to employees or staff, terminating over 50 employees and at least 33% of active full-time employees, including Plaintiff, at the Universal Screen Arts Facility. Upon information and belief, Defendants will be continuing to layoff employees on September 27, 2024.

4. Plaintiff was terminated on September 10, 2024, as part of a mass layoff without notice.

5. Plaintiff brings this action on behalf of herself and other similarly situated former employees who worked for Defendants and were terminated as part of the foreseeable result of a mass lay off or plant closing ordered by Defendants on or around September 10, 2024 and within 90 days of that date and who were not provided 60 days' advance written notice of their terminations by Defendants, as required by the WARN Act.

6. Plaintiff and other similarly situated employees should have received the full protection afforded by the WARN Act.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

**PARTIES**

9. At all times herein relevant, the Representative Plaintiff was and is a member of the Nationwide class (as defined below).

10. Plaintiff is a citizen of the United States and resident of Summit County, Ohio. She was employed by Defendants at all relevant times at the Universal Screen Arts Facility. She was employed for over six months and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). She was terminated without cause and did not receive 60 days' notice of her termination.

11. Defendant Universal Screen Arts, Inc., is incorporated and registered to do business in Ohio, with a corporate headquarters located at 5581 Hudson Industrial Parkway, Hudson, Ohio 44236. As registered with the Ohio Secretary of State, Defendant may be served via its registered agent, Jared S. Florian, 2451 E Enterprise Prky, Twinsburg, Ohio 44087.

12. Defendant Universal Screen Arts Holdings, Inc., is incorporated in Ohio and registered to do business in Ohio, with a corporate headquarters located at 1375 East Ninth Street, 29th Floor, Cleveland, Ohio 44114. Upon information and belief, Defendant Universal Screen Arts Holdings, Inc., directed the operation of the Universal Screen Arts Facility, and directed the termination of employees without WARN notice here. Defendant Universal Screen Arts Holdings, Inc., may be served via its registered agent, 1600 CNB Corp., 1375 East Ninth Street, 29th Floor, Cleveland, Ohio 44114.

13. Upon information and belief, Defendants conducted business in this district and, at all relevant times, operated the facilities where Plaintiff and the other similarly situated individuals worked or were based at, reported to, and received assignments from.

14. Defendants made the decision to terminate employees, including Plaintiff and those

3

other similarly situated former employees, without 60 days' advance notice, terminating over 50 employees and at least one-third of the workforce.

## FACTS

Relationship Between Defendants

15. Upon information and belief, Defendant Universal Screen Arts Holdings, Inc. and Defendant Universal Screen Arts, Inc. share common officers.

16. Defendant Universal Screen Arts Holdings, Inc. retained full control over Defendant Universal Screen Arts, Inc., and collectively, the entities directed the termination of employees here, including Plaintiff, such that Defendant Universal Screen Arts Holdings, Inc, retains de facto control.

17. Upon information and belief, Defendant Universal Screen Arts Holdings, Inc., retains control over all employment policies for Defendant Universal Screen Arts, Inc.

18. Defendant Universal Screen Arts, Inc.'s operations are part and parcel to Defendant Universal Screen Arts Holdings, Inc.'s operation, which directly derives revenue from Defendant Universal Screen, Inc.'s operations.

19. Under 20 C.F.R. § 639.3, Defendant Universal Screen Arts Holdings, Inc. and Defendant Universal Screen Arts, Inc., constitute a single employer and/or joint employer.

Layoffs

20. Until September 10, 2024, upon information and belief, the Universal Screen Arts, Inc., operation was running business as usual and employees had no indication that Defendants intended to reduce the workforce.

21. On or about September 10, 2024, Defendants informed a group of employees, including Plaintiff, at the Universal Screen Arts Facility, that their jobs would be immediately terminated.

22. Defendants did not provide any WARN Act Notice as required by 29 U.S.C. §§ 2101 *et seq*. even though it planned to abolish, terminate, and/or layoff at least 50 employees and 33% of the employees employed there.

23. Upon information and belief, no circumstances existed that would have permitted Defendants from reducing the notification period as provided in 29 U.S.C. § 2102(b).

24. By failing to provide its affected employees who were temporarily or permanently terminated on or around September 10, 2024, with WARN Act Notices and other benefits, Defendants acted willfully and cannot establish that they had any reasonable grounds or basis for believing their actions were not in violation of the WARN Act.

## **CLASS ACTION ALLEGATIONS**

25. Plaintiff brings her WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Nationwide class:

> All employees of Defendants who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days September 10, 2024

26. Class Action treatment of WARN Act claims is appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

   a. The class includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

    b. Questions of law and fact are common to the class, including, *inter alia*, whether Defendants provided adequate notice of its mass layoff under the WARN Act, 29 U.S.C. § 2102. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

    c. Plaintiff is a member of the class, and her claims are typical of the claims of other class members. Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

    d. Plaintiff will fairly and adequately represent the class and its interests. Moreover, Plaintiff has retained competent and experienced counsel who will effectively represent the interests of the class. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

27. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

28. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

29. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only

individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

## COUNT I
### VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101, *et seq.*
### (WARN Act)
### (*On behalf of Plaintiff and the putative class*)

30. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

31. Defendants are an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1). Collectively, they operate as a single entity and/or joint employers, within the meaning of 20 C.F.R. § 639.3.

32. Plaintiff and those she seeks to represent was at all relevant times an "affected employee" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

33. The September 10, 2024, and ongoing permanent terminations at the Universal Screen Arts Facility, resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the employees and at least 50 employees. The ongoing terminations, occurring within any 90-day period, may be aggregated. 29 U.S.C. § 2102(d).

34. For purposes of 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II), the two locations comprising the Universal Screen Arts Facility constitutes a single site of employment in that each employee's facility was the location to which relevant employees were assigned as her home base, the place from which her work was assigned, and the place to which they reported for work.

35. Pursuant to 29 C.F.R. § 639.3(i)(1), the two locations comprising the Universal Screen Arts Facility are a group of contiguous locations within reasonable geographic proximity, sharing the same, employees, management, and operate interdependently.

36. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

37. On information and belief, Defendants did not give any prior written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and those she seeks to represent, as that term is defined in 29 U.S.C § 2101(a)(5). Nor upon information and belief did Defendants give any written notice to the Ohio Office of Workforce Development, or to the chief elected official of the local government within which the mass layoff was ordered. Upon information and belief, Defendant did not provide proper notice until the day after it announced the layoffs, on September 11, 2024.

38. Defendants violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 U.S.C. § 2102(a), which began on or about September 10, 2024.

39. As such, Plaintiff and those she seeks to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

40. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. *See* 29 U.S.C. § 2104(5).

41. Moreover, Defendants' violations of the WARN Act were not in good faith, and Defendants have no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray for the following relief:

1. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiff as a representative of the Class and her counsel of record as Class Counsel.

2. A declaration that Defendants violated the WARN Act;

3. A judgment against Defendants and in favor of Plaintiff and those she seeks to represent for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A);

4. A judgment against Defendants and in favor of Plaintiff and those she seeks to represent for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and those she seeks to represent during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B);

5. A finding that Defendants' violations of the WARN Act were and are willful, not in good faith, and that Defendant has no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102;

6. A judgment against Defendants and in favor of Plaintiff and those she seeks to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7. A judgment against Defendants for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3); and,

8. Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

Dated: September 24, 2024　　　　　　　Respectfully submitted,

/s/ *Caleb Harbison*
Caleb Harbison (Ohio Bar No. 103883)
J. Gerard Stranch, IV (*Pro Hac Vice* forthcoming)
Michael C. Iadevaia (*Pro Hac Vice* forthcoming)
STRANCH, JENNINGS & GARVEY, PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
charbison@stranchlaw.com
gstranch@stranchlaw.com
miadevaia@stranchlaw.com

Lynn A. Toops, (*Pro Hac Vice* forthcoming)
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenandmalad.com

Samuel J. Strauss (*Pro Hac Vice* forthcoming)
Raina Borelli (*Pro Hac Vice* forthcoming)
TURKE & STRAUSS, LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703
(608) 237-1775
sam@turkestrauss.com
raina@turkestrauss.com

*Counsel for Plaintiff and the Proposed Class*